UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

NOBLE CAPITAL MARKETS, INC., a
Florida corporation,

    Plaintiff,

vs.

HUMANIGEN, INC., a Delaware corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Humanigen, Inc. ("Humanigen") hereby removes the Florida state court action described below pursuant to 28 U.S.C. § 1332.

**I.    BACKGROUND**

1.    Plaintiff Noble Capital Markets, Inc. ("Noble") commenced this action on or about June 19, 2020 by filing a complaint (the "Complaint") in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2020-CA-006573-XXXX-MB (the "State Court Action").

2.    On or around June 23, 2020, Noble served the Complaint on Humanigen's registered agent.[1]

3.    The Complaint alleges that Humanigen retained Noble (pursuant to certain engagement letters) as a placement agent to solicit investors to participate in a private placement securities offering that Humanigen was pursuing to raise capital (the "Private Securities

---

[1] True and correct copies of the Civil Cover Sheet, Summons and Complaint (with exhibits) are attached hereto as Exhibit "1". No other pleadings have been filed in the action.

Offering"). The Complaint further alleges that Noble successfully solicited investors for the Private Securities Offering, but that: (i) Humanigen failed to pay Noble agreed-upon fees for Noble's role in securing the investment commitments; (ii) Humanigen failed to deliver shares in the Private Securities Offering that Noble contends had been allocated specifically to certain of Noble's investors; and (iii) Humanigen failed to mention Noble's role as a placement agent for the Private Securities Offering in a press release that Humanigen issued related to the Private Securities Offering.

4. On the basis of its allegations, Noble asserts Florida state law claims against Humanigen for breach of contract (including breach of the implied covenant of good faith and fair dealing), unjust enrichment and tortious interference with advantageous business relationship. Noble seeks judgment against Humanigen for, among other things: (i) Noble's purported actual and consequential damages; (ii) prejudgment interest; (iii) post-judgment interest and (iv) costs.

5. Humanigen has not yet responded to the Complaint.

## II. BASIS FOR REMOVAL

6. Under 28 U.S.C. §§ 1441(a) and 1446, the Complaint is removable to this Court because the procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### A. Removal to this Court Is Timely and Appropriate

7. This removal is timely under 28 U.S.C. § 1446(b) because it was filed within 30 days of the date on which Humanigen was served with the Summons and Complaint.

8. Removal is appropriate to this Court pursuant to 28 U.S.C. § 1441(a) because this Court corresponds to the district and division where the State Court Action was filed—*i.e.*, the Circuit Court for the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida—is located in the District Court for the Southern District of Florida, West Palm Beach Division.

9. Pursuant to 28 U.S.C. § 1446(d), Humanigen will provide a true and correct copy of this Notice of Removal to Noble (through its counsel) and will file a true a correct copy of this Notice of Removal with the Clerk of the Circuit Court for the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.

### B. There Is Complete Diversity of Citizenship

10. For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. The Complaint alleges that Plaintiff Noble is "a Florida corporation with its principal place of business in Boca Raton, Florida". (Ex. 1, ¶ 1.) The Complaint further alleges that Defendant Humanigen is "a Delaware corporation with its principal place of business in Burlingame, California." (*Id.* ¶ 2.)

12. Accordingly, pursuant to 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties to this action.

### C. This Action Exceeds the Amount in Controversy Requirement

13. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

14. Here, the Complaint alleges, among other things, that Humanigen breached the parties' engagement letter by failing to pay Noble a cash fee equal to six percent (6%) of $16 million in investment commitments that Noble claims it solicited on Humanigen's behalf for

the Private Securities Offering.  (*See* Ex. 1, ¶¶ 15, 41, 74-78.)  Thus, Noble alleges damages of at least $960,000 in this action.

15. Accordingly, pursuant to 28 U.S.C. § 1332(a), the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**WHEREFORE,** Humanigen prays that this Court shall consider the Notice of Removal to remove the State Court Action now pending in the Circuit Court for the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida from that court to this Court and shall grant the relief requested herein.

Dated:  July 13, 2020                               Respectfully submitted,

*/s/ Brendan I. Herbert*
Brendan I. Herbert, Esquire
Florida Bar No. 76925
bherbert@polsinelli.com
POLSINELLI PC
1111 Brickell Avenue, Suite 2800
Miami, Florida  33131
Tel.:  305-921-1820
Fax:  305-921-1801
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the CM/ECF electronic filing system which will provide notice to all counsel of record this **13th** day of July, 2020:

Jon L. Swergold, Esq.
John L. McManus, Esq.
Sabrina D. Niewialkouski, Esq.
GREENBERG TRAURIG, P.A.
401 East Las Olas Blvd., Suite 2000
Ft. Lauderdale, FL  33301
T:  954-765-0500
F:  954-765-1477
swergoldj@gtlaw.com
scottla@tgtlaw.com
FLService@gtlaw.com
mcmanusj@gtlaw.com
yeargina@gtlaw.com
niewialkouskis@gtlaw.com
*Counsel for Plaintiff*

                                */s/ Brendan I. Herbert*
                                Counsel for Defendant